**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WARNER MARSH** § | | |
|     **Plaintiff** § | | |
| § | | |
| **VS.** § | **C.A. 4:25-cv-986** | |
| § | | |
| **NEWREZ LLC D/B/A SHELL POINT** § | | |
| **MORTGAGE SERVICING and** § | | |
| **JB REAL STATE LLC** § | | |
|     **Defendants** § | | |

**JB REAL STATE LLC'S ANSWER TO PLAINTIFFS'**
**FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant JB REAL STATE LLC and herein referred to as "JB" or "Defendant" and files this Answer in the above-styled and numbered cause of action and shows the Court the following:

1. Defendant admits the allegations in paragraph 1 of the First Amended Complaint.

2. Defendant admits the allegations in paragraph 2 of the First Amended Complaint.

3. Defendant admits the allegations in paragraph 2 of the First Amended Complaint.

4. Defendant admits the allegations in paragraph 3 of the First Amended Complaint.

5. Defendant denies the allegations in paragraph 5 of the First Amended Complaint.

6. Defendant denies the allegations in paragraph 6 of the First Amended Complaint.

7. Defendant denies the allegations in paragraph 7 of the First Amended Complaint.

8. Defendant admits the allegations in paragraph 8 of the First Amended Complaint.

9. Defendant admits the allegations in paragraph 9 of the First Amended Complaint.

10. Defendant denies the allegations in paragraph 10 of the First Amended Complaint.

11. Defendant admits that a foreclosure occurred and that all legally required notices

were provided. Exhibit 2 speaks for itself therefore no response is required. Defendant denies the remainder of the allegations in paragraph 11 of the First Amended Complaint.

12. Defendant admits that a foreclosure occurred and does not know whether all legally required notices were provided. Defendant admits that Auction.com was involved in conducting the subject foreclosure sale. Exhibits 3 through 6 speak for themselves and no response is required.   Defendant denies the remainder of the allegations in paragraph 12 of the First Amended Complaint.

13. Defendant denies the allegations in paragraph 13 of the First Amended Complaint.

14. Defendant denies the allegations in paragraph 14 of the First Amended Complaint.

15. Paragraph 15 requires no response. To the extent a response is required Defendant denies the allegations in paragraph 15 of the First Amended First Amended Complaint and denies that Plaintiff is required to declaratory relief.

16. Paragraph 16 requires no response. To the extent a response is required Defendant denies the allegations in paragraph 16 of the First Amended Complaint.

17. Paragraph 17 requires no response. To the extent a response is required Defendant denies the allegations in paragraph 17 of the First Amended Complaint.

18. Defendant denies the allegations in paragraph 18 of the First Amended Complaint.

19. Paragraph 19 of the First Amended Complaint relates to purely legal issues and the case law and authorities referenced speak for themselves, therefore no response is required. To the extent a response is required Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the First Amended Complaint.

21. Defendant denies the allegations in paragraph 21 of the First Amended Complaint.

22. Defendant denies the allegations in paragraph 22 of the First Amended Complaint.

23. Defendant denies the allegations in paragraph 23 of the First Amended Complaint.

24. Defendant denies the allegations in paragraph 24 of the First Amended Complaint.

25. Defendant denies the allegations in paragraph 25 of the First Amended Complaint.

26. Defendant denies the allegations in paragraph 26 of the First Amended Complaint.

27. Defendant denies the allegations in paragraph 27 of the First Amended Complaint.

28. Defendant denies the allegations in paragraph 28 of the First Amended Complaint.

29. Defendant denies the allegations in paragraph 29 of the First Amended Complaint.

30. Defendant denies the allegations in paragraph 30 of the First Amended Complaint.

31. Defendant denies all allegations in the paragraph entitled "Prayer" and denies that Plaintiff is entitled to any of the relief requested in the First Amended Complaint.

**AFFIRMATIVE DEFENSES**

32. Defendant denies every allegation in the First Amended Complaint not expressly admitted herein and avers that Plaintiff is not entitled to any relief sought in the First Amended Complaint as Plaintiff failed to state a claim upon which relief may be granted and therefore each of Plaintiffs' claims should be dismissed.

33. Although Plaintiff has no legal right to set aside the subject foreclosure sale, Plaintiff has failed to satisfy conditions precedent, namely because, upon information and belief, Plaintiff has failed to tender or offer to tender the amount of the foreclosure sales price to JB. to the extent Plaintiff seeks to set aside the foreclosure sale and cannot show the financial ability to make sure tender.

34. Defendant pleads the statute of limitations.

35. Defendant pleads *res judicata* and collateral estoppel.

36. Defendant pleads that Plaintiff lacks standing to challenge any mortgage assignments or other documents to which Plaintiff is not a party, to the extent any such challenges are intended by Plaintiff.

37. Defendant pleads judicial estoppel, equitable estoppel and all available forms of estoppel.

38. Defendant pleads that the "economic loss rule" precludes any and all tort claims by Plaintiff.

39. Plaintiff's claims are precluded, in whole or part, because any alleged acts and/or omissions of Defendant were not the cause of Plaintiff's alleged damages. Rather, Plaintiff's damages, if any, were proximately caused by the act, omissions or breaches of other persons and/or entities, including Plaintiff, and the acts, omissions or breaches were intervening and superseding causes of Plaintiff's damages, if any.

40. Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any. Defendant pleads the doctrine of comparative responsibility as provided in Chapter 33 of the TEX. CIV. PRAC. & REM. CODE, and its application to any tort claim (intentional or otherwise) of the Plaintiff that may be alleged against Defendant.

41. Plaintiff has failed to mitigate his alleged damages.

42. Defendant is not liable for the act, omissions, or conduct of other persons or entities not authorized to act on behalf of them and Defendant is not liable for the act, omissions of its agents, if any, who exceeded the scope of their authority.

43. Defendant pleads abandonment of acceleration of the subject loan obligations, bankruptcy tolling, equitable tolling, and all other available forms of tolling available at law or in equity including but not limited to tolling under §16.063 of the Texas Civil Practice and

Remedies Code, as it relates to any potential statute of limitations claims or defenses, alleged by Plaintiff, if any, and all tolling of Defendant's Answer statute of limitations available at law or in equity.

44. Defendant pleads the statute of frauds.

45. Defendant pleads waiver, estoppel, and ratification.

46. Defendant pleads failure of consideration for any breach of contract claim, if any outside the terms of the written loan documents signed by the parties.

47. JB claims the benefits of Texas Civil Practice and Remedies Code 33 and asks the court to submit to the finder of fact jury questions of comparative negligence that proximately caused the accident and/or injuries to the finder of fact for determination as to all parties to base judgment on the findings.

48. JB asserts its rights to contribution and indemnity from the seller.

49. For further answer, if such be necessary, Defendant requests an offset and credit for payments made to for the property.

50. All pleadings are in the alternative and based upon information and belief.

51. Pursuant to Texas Rule of Civil Procedure ("TRCP") 193.7, Plaintiff are hereby notified that Defendant shall have the right to use and may use any and all documents the Plaintiff and Defendant produce in response to any discovery request in all pretrial proceedings and at the time of trial.

52. Any claim for punitive damages is subject to the limitations and constraints of Due Process found in the Fifth and Fourteenth Amendments to the U.S. Constitution.

53 Defendant

**PRAYER**

WHEREFORE, Defendant requests that upon judgment of the Court, all of Plaintiff's

requested relief be denied, that Plaintiff take nothing by his claims, that Defendant recover its court costs and for such other relief to which Defendant may show itself to be entitled.

Respectfully submitted,

COWAN  LAW FIRM

*/S/ Finis Cowan*
SBOT 04912100
One Greenway Plaza
Suite 100
Houston, Texas 77046
PH:     832. 341 4599
Fax:    713 561 3692
Email: Finis@finiscowan.com
Eservice: Service@TexasDebtDefense.com

Attorneys for JB

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April , 2025, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party Via ECF and Email in accordance with Federal Rule of Civil Procedure 5(b) as follows:

Robert C. Vilt
Vilt and Associates, P.C.
Email: Clay@viltlaw.com

Michael F. Hord Jr.
Eric C. Mettenbrink
HIRSCH & WESTHEIMER, P.C.
Email: mhord@hirschwest.com
Email: emettenbrink@hirschwest.com